<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCUS MONASTRO, | : |
| Plaintiff, | : Civil Action No. 14-2043 (SRC) |
| v. | : **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Marcus Monastro ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance and supplemental security income benefits, alleging disability beginning June 2, 2006. A hearing was held before ALJ Dennis O'Leary (the "ALJ") on September 18, 2012, and the ALJ issued an unfavorable decision on October 26, 2012, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of October 26, 2012, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of work, as long as the jobs involve only simple instructions.  At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform his past relevant work as a garbage collector.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the ALJ ignored the weight of the substantial credible evidence presented by Plaintiff; and 2) the ALJ failed to credit the substantial evidence of mental illness.

Plaintiff's two arguments do not really differ, as they both rest on the contention that the ALJ did not give Plaintiff's evidence sufficient weight.  These arguments cannot succeed on appeal, as they do not come to grips with the standard of review that applies to Social Security appeals.  This Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."  McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its

conclusions for those of the fact-finder."  Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom.; Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently."  Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

Because the reviewing Court is not empowered to weigh the evidence, Plaintiff's argument that the ALJ failed to properly credit the substantial evidence of mental illness cannot succeed on appeal.  The issue on appeal is not whether the claimant presented substantial evidence of disability, but whether the ALJ's decision is supported by substantial evidence.  Only if the ALJ's decision is not supported by substantial evidence does this Court have the authority to reverse it.

Here, Plaintiff challenges the step four residual functional capacity determination.  At step four, the ALJ stated that he gave "great weight" to the expert opinions of the two state agency medical consultants. (Tr. 14.)  Dr. Castillo-Velez submitted a report, including a residual functional capacity assessment, dated April 6, 2011.  (Tr. 50-59.)  Dr. Castillo-Velez found moderate mental limitations in a number of areas, but stated that Plaintiff's limitations would not prevent him from performing his past work as a garbage collector.  (Tr. 55-58.)  Dr. Foley submitted a report, including a residual functional capacity assessment, dated July 13, 2011.  (Tr. 72-81.)  Dr. Foley's report states that Plaintiff retains the residual functional capacity to perform his past relevant work as a garbage collector.  (Tr. 80-81.)

Thus, as the Commissioner contends, the ALJ's decision is supported by two reports

from medical experts, both of which state that Plaintiff retains the residual functional capacity to perform his past relevant work as a garbage collector. The ALJ's step four determination is supported by substantial evidence.

Although this resolves the question before this Court, the Court notes that Plaintiff has not pointed to any expert medical opinion that contradicts these expert assessments. While Plaintiff's brief points to medical evidence of past psychiatric illness, Plaintiff does not cite any medical expert who states that Plaintiff *cannot* perform his past relevant work as a garbage collector. The record contains only expert medical assessments of Plaintiff's ability to work that support the Commissioner's position, and none supporting Plaintiff's position.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

     s/ Stanley R. Chesler
  STANLEY R. CHESLER, U.S.D.J.

Dated: April 28, 2015